UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERHARD HEIN,

    Plaintiff,

v.                                    Case No. 8:18-cv-1459-T-AAS

ANDREW SAUL,
Commissioner,
Social Security Administration,[1]

    Defendant.
_____/

## ORDER

Gerhard Hein seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under the Social Security Act, 42 U.S.C. Sections 1383(c)(3) and 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the joint memorandum the parties submitted, the Commissioner's decision is **AFFIRMED**.

---

[1] On September 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul should be substituted for former Acting Commissioner Nancy A. Berryhill as the defendant in this suit. No further action needs to be taken to continue this suit due to the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

Mr. Hein applied for DIB on October 3, 2014 and SSI on October 6, 2014. (Tr. 66–67, 158–63). Mr. Hein alleges a disability onset date of September 9, 2014. (Tr. 69, 158). Mr. Hein's claims were denied initially and upon reconsideration. (Tr. 75, 83, 92, 102, 109–23). Mr. Hein requested a hearing before an ALJ, which was held on March 2, 2017, (Tr. 37–65, 128). The ALJ issued a decision unfavorable to Mr. Hein on June 14, 2017. (Tr. 12–26).

The Appeals Council denied Mr. Hein's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–3). Mr. Hein seeks judicial review of the Commissioner's final decision. (Doc. 1, p. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Hein was forty-six years old when he submitted his SSI and DIB applications. (Tr. 66, 158). He was forty-eight years old when the ALJ held the hearing. (Tr. 43). Mr. Hein has a limited education and can communicate in English. (Tr. 25). Mr. Hein's past relevant work included home builder (new constructions or remodels) and horticultural worker. (Tr. 24, 45–46). Mr. Hein claimed disability because of a dislocated right shoulder and torn right rotator cuff. (Tr. 81).

## B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[3] he is not disabled. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. §§ 404.1520(d), 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent him from performing past relevant work, he is not disabled. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing other work in the national economy, he is not disabled. §§ 404.1520(g), 416.920(g).

---

[2] If the ALJ determines the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. §§ 404.1572, 416.910.

[4] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. §§ 404.1545, 416.945(a).

The ALJ determined Mr. Hein had not engaged in substantial gainful activity since his alleged onset date of September 9, 2014. (Tr. 17). The ALJ found Mr. Hein had these severe impairments: arthritis and degenerative join disease of the right shoulder and degenerative disc disease. (Tr. 17–18). However, the ALJ found Mr. Hein's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 18).

The ALJ found Mr. Hein had the RFC to perform light work,[5] with these added limitations:

> lifting and/or carrying and pushing and/or pulling 10 pounds occasionally and lesser weights frequently; sitting for six hours out of an eight-hour day; occasional operation of hand controls with the right upper extremity; no overhead reaching with the right upper extremity, but all other reaching can be performed on a frequent basis bilaterally; occasionally climbing ramps and stairs, but can never climb ladders, ropes, scaffolds; and occasionally balancing, stooping, kneeling, or crouching, but can never crawl.

(Tr. 18–19).

Based on these findings, the ALJ determined Mr. Hein could not perform his past relevant work as either a house builder or horticultural worker. (Tr. 24). The ALJ then determined Mr. Hein could perform other jobs existing in significant

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

numbers in the national economy, specifically as a ticket taker, inspector/hand packager, or cashier. (Tr. 25–26). As a result, the ALJ found Mr. Hein not disabled. (Tr. 26).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire

record to determine the reasonableness of the Commissioner's factual determinations).

**B.     Issues on Appeal**

Mr. Hein raises two issues on appeal. (Doc. 17 at pp. 14–24, 31–33). First, Mr. Hein argues the ALJ's RFC determination is unsupported by substantial evidence. (*Id.* at pp. 14–24). Second, Mr. Hein argues the ALJ failed to consider whether the ALJ's findings establish a "closed period of disability." (*Id.* at pp. 31–33).

1.     <u>The ALJ's RFC Determination</u>[6]

Mr. Hein argues the medical evidence establishes greater limitations than those contained in the ALJ's RFC determination. (*Id.* at p. 15). The Commissioner argues the ALJ's RFC determination is supported by substantial evidence. (*Id.* at p. 24). The Commissioner asserts the ALJ properly considered Mr. Hein's four shoulder surgeries and his daily activities when determining Mr. Hein's RFC. (*Id.* at pp. 24–25).

Mr. Hein asserts the ALJ's decision does not acknowledge or discuss the critical factors used when weighing medical opinions. (*Id.* at p. 17). The Commissioner asserts the ALJ must consider the factors for weighing medical opinions, but the

---

[6] Mr. Hein argues the ALJ did not provide support for rejecting state agency medical consultants' opinions. (Doc. 17, p. 17). Mr. Hein only provides what the medical consultants' opinion stated and the ALJ's reasoning for assigning partial weight to their opinions. (*Id.* at pp. 15, 19). Mr. Hein provides no argument for why the ALJ's reasoning for assigning partial weight is not supported by substantial evidence. Thus, this issue is waived. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

regulations do not require the ALJ to discuss explicitly each factor nor does Mr. Hein provide any support for that position. (*Id.* at p. 30).

Mr. Hein argues the ALJ failed to account for Mr. Hein's severe limitations in only giving partial weight to Dr. Klein's opinion. (*Id.* at p. 19). The Commissioner asserts the ALJ properly weighed Dr. Klein's opinion because it was consistent with the records showing Mr. Hein's limited use of his right arm but also improvement after surgery. (*Id.* at p. 28).

Mr. Hein argues the ALJ erred in failing to consider Dr. Suzanne Tanner's opinions on issues reserved for the Commissioner. (*Id.* at pp. 19–20). Mr. Hein asserts the ALJ erred in identifying Dr. Tanner's medical opinion as simple statements about Mr. Hein's ability to work. (*Id.*). The Commissioner argues the ALJ properly afforded Dr. Tanner's opinion no weight because Dr. Tanner's opinion only include a vague, conclusory statement on a determination reserved for the Commissioner. (*Id.* at pp. 28–29).

Mr. Hein argues the ALJ cannot reject a medical opinion from "other sources" such as Kris Erlandson, D.C., but must consider those opinions for impairment severity and functional effects. (*Id.* at p. 19). The Commissioner asserts the ALJ properly gave no weight to Mr. Erlandson's medical opinion because Mr. Erlandson is a chiropractor whose opinion classifies as an "other source" and the opinion was inconsistent with the record. (*Id.* at p. 29).

Mr. Hein argues the ALJ failed in assessing the medical opinions separately rather than considering all the evidence as a whole. (*Id.*). Mr. Hein asserts the ALJ

7

relied on his lay analysis of the medical data rather than on the medical evidence. (*Id.* at pp. 22–23). The Commissioner argues the ALJ thoroughly reviewed the medical evidence and explained the weight accorded to the medical opinions. (*Id.*).

At step four of the sequential evaluation, the ALJ determines the claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is the most he can perform in a work setting despite her impairments. §§ 404.1545, 416.945(a); *Phillips*, 357 F.3d at 1238. The ALJ must determine the claimant's RFC using all relevant medical and other evidence. *Phillips*, 357 F.3d at 1238. Substantial evidence must support the ALJ's RFC determination. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

The ALJ must state with particularity the weight given to different medical opinions and the reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ may reject any medical opinion if evidence supports a contrary finding, but he must still articulate reasons for assigning little weight. *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986). Provided the decision does not broadly reject a claim for benefits, the ALJ need not refer to every piece of evidence. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although it is unnecessary to refer to every piece of evidence, the ALJ must consider all available evidence and articulate the weight given to probative evidence. *Id.*; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary.

*Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips*, 357 F.3d at 1240–41. In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

Opinions from chiropractors and physician assistants are not acceptable medical sources; instead, they are treated as "other sources." 20 C.F.R. § 416.927(c)(1), (2). An ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06–03p, 2006 WL 2329939, at *6.

As an initial matter, the regulations require the Commissioner to consider six factors[7] for deciding the weight given to any medical opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Since not every factor will apply in every case, the ALJ need not explicitly discuss each of the six factors in their decisions. SSR 06–03p, 2006 WL 2329939, at *5; *see also Retherford v. Berryhill*, No. 5:17cv232/EMT, 2019 WL

---

[7] The six factors are: (1) examining relationship; (2) treatment relationship including length of the treatment relationship and the frequency of examination and nature and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors brought to the attention of the Commissioner or adjudicator. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6).

9

4000063, at *13 (N.D. Fla. Jan. 31, 2019) (finding no error when the ALJ did not articulate his consideration of every factor under 20 C.F.R. § 404.1527(c) when weighing the various pieces of medical evidence). Since the ALJ adequately explained the reasoning for affording each specific medical opinion a certain weight, the court can review the ALJ's decision to determine whether substantial evidence supports the result even without the ALJ explicitly applying each of the six factors. (Tr. 22–24).

Substantial evidence supports the ALJ's RFC determination. When determining the limitations of Mr. Hein, the ALJ considered all relevant evidence. The ALJ gave partial weight to Dr. Klein's opinion, which included a review of Mr. Hein's shoulder after two surgeries. (Tr. 374–75, 467). The ALJ properly assigned partial weight to Dr. Klein's opinion because Dr. Klein's temporal evaluations were consistent with other medical evidence. (Tr. 23). Dr. Klein provided an opinion explaining Mr. Hein could return to work in June 2015 with limitations on his right arm up to ten pounds. (Tr. 349, 498). In April 2016, two months after Mr. Hein's next shoulder surgery, Dr. Klein restricted Mr. Hein to lifting no more than five pounds. (Tr. 374–75, 467). But in the several months since Dr. Klein restricted Mr. Hein to five pounds, Dr. Klein and other medical providers noted improvement by noting Mr. Hein used his right arm and shoulder and actively followed instructions to exercise and rehab his shoulder. (Tr. 43–44, 376, 469–72, 477, 498, 524, 527, 530). Even though the ALJ gave only partial weight to Dr. Klein's opinion about Mr. Hein's

10

shoulder restrictions, the ALJ considered Mr. Hein's medical records from Dr. Klein and others by adding additional limitations to Mr. Hein's RFC. (Tr. 18–19).

The ALJ gave no weight to Dr. Tanner's opinion because the opinion was vague, opining Mr. Hein may require permanent restrictions. (Tr. 23, 347). The better an explanation a source provides for an opinion, the more weight the ALJ will give that opinion. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Dr. Tanner's opinion also stated Mr. Hein may be out of work for eighteen months. (Tr. 347). This a determination reserved for the Commissioner. While opinions from medical sources on issues reserved to the Commissioner are not to be ignored, the ALJ "must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." SSR 96-5p, 1996 WL 374183, at *3. Dr. Tanner's opinion is not supported by the record because the medical records and Mr. Hein's testimony about his daily activities show Mr. Hein's steady improvement in the use of his shoulder. (Tr. 53–55). Mr. Hein testified he feeds his two pigs in the morning, helps at times with household chores, and works approximately 30 hours a week driving a medical van. (*Id.*).

The ALJ properly gave no weight to Mr. Erlandson's opinion. The Commissioner may use evidence from "other sources" to show the severity of the impairment and how it affects the claimant's ability to work, but opinions by "other sources" cannot stand alone to document severe limitations. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). Since Mr. Erlandson is a chiropractor, his opinion is an "other source." (Tr. 23). However, the ALJ addressed Mr. Erlandson's opinion as if

11

it was an acceptable medical source and concluded it was inconsistent with the record and gave it no weight. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). For example, Mr. Erlandson's opinion stated Mr. Hein is limited to only lifting two pounds with his right arm (Tr. 539–40), which contradicts Mr. Hein's other medical records showing his range of motion improving (Tr. 472, 477) and allowing Mr. Hein to increase his shoulder strengthening exercises, (Tr. 466–67, 469–72). Additionally, Mr. Erlandson's opinion that Mr. Hein would need to take extra breaks due to his limited range of motion conflicted with Mr. Hein's testimony stating he currently works 30 hours a week driving a medical bus and occasionally pushes patients in wheelchairs up ramps. (Tr. 44, 55).

The ALJ's weighing of the opinion evidence combined with his thorough review of the medical evidence shows the ALJ based the RFC determination on a careful review of the record and did not substitute his lay opinion for Mr. Hein's physicians and chiropractor. (Tr. 15–26). Therefore, substantial evidence supports the ALJ's determination.

2. Closed Period of Disability

Mr. Hein argues the ALJ failed to consider whether Mr. Hein was entitled to a closed period of disability. (Doc. 17, pp. 31–33). Thus, Mr. Hein argues the ALJ's credibility determination is not supported by substantial evidence. (*Id.* at pp. 32–33). Mr. Hein asserts the ALJ erred in not differentiating between Mr. Hein's limitations before and after his shoulder improved with surgery, which the ALJ relied on as a basis to deny benefits. (*Id.* at p. 32).

12

The Commissioner argues the ALJ's credibility determination is supported by substantial evidence. (*Id.* at p. 33). The Commissioner asserts the ALJ was under no duty to consider a closed period of disability because Mr. Hein never requested this consideration. (*Id.* at p. 34). The Commissioner argues Mr. Hein failed to cite any binding authority requiring the ALJ to consider whether a claimant is disabled for a closed period—especially when the claimant does not raise the issue to the ALJ. (*Id.* at p. 33).

Mr. Hein claims the ALJ should have conducted a separate RFC assessment before his shoulder recovery. However, Mr. Hein failed to provide any evidence to show the ALJ's RFC determination would have been different for the specified time. Mr. Hein also did not request the ALJ consider a closed period of disability. A claimant's failure to request consideration of a closed period of disability precludes the claimant from arguing on appeal to the district court that the ALJ erred by failing to consider the same. *See Torres v. Comm'r of Soc. Sec.*, No. 6:13-cv-1687-Orl-GJK, 2015 WL 898576 at *6 (M.D. Fla. Mar. 3, 2015); *Wartin v. Astrue,* 2010 WL 1286520, at *11 (S.D. Fla. Feb. 24, 2010), *report and recommendation adopted,* 2010 WL 1257902 (S.D. Fla. Mar. 30, 2010). Since Mr. Hein did not request consideration of a closed period of disability with the ALJ, he cannot raise the argument here.

## IV. CONCLUSION

The ALJ properly evaluated the medical opinions and the RFC is supported by substantial evidence. The ALJ did not err in considering a closed period of disability because Mr. Hein never requested the same consideration by the ALJ. The

Commissioner's decision is therefore **AFFIRMED**, and the case is **DISMISSED**.

**ORDERED** in Tampa, Florida, on September 19, 2019.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge